*CATHERINE OFFUTT, EX REL. CINCINNATI V. JOHN ROTH PACKING CO.
ET AL.

**1. AUTHORITY TO SUSPEND PRIVATE BRIDGE ACROSS STREET.**

An ordinance granting a packing company the right to maintain a bridge across, twenty feet above, and no part of it placed upon the surface of, a street, does not contravene Sec. 28 of the Munic. Code of 1902 (Lan. Rev. Stat. 3923; B. 1536-131), providing that streets shall be kept open, in repair and free from nuisance.

**2. NO PRESCRIPTIVE RIGHTS OF LIGHT, AIR AND VIEW IN STREET EXIST AGAINST PRIVATE OWNERS.**

Injunction does not lie against maintaining a private bridge across a street as impairing the easement of light, air and view of a private abutting owner.

**3. INJUNCTION DOES NOT LIE AGAINST CONNECTING BRIDGE OVER STREET NOT IMPAIRING INGRESS AND EGRESS.**

Injunction will not lie at the suit of a property owner against the connecting of buildings on opposite sides of the street by a bridge twenty feet above the pavement, where the ingress and egress of the plaintiff is in nowise impaired, and the injury which he will sustain, if any, is not different in kind from that suffered by the public at large.

ERROR to Hamilton common pleas court.

**J. T. Harrison,** for plaintiff in error.

**Geoffrey Goldsmith,** for the city.

**D. F. Cash,** for the Roth Packing Company.

## SMITH, J.

We are of the opinion that the ordinance passed by the council of the city of Cincinnati, granting to the defendant, the John Roth Packing Company, the right to maintain a bridge across Oehler street, is valid. It does not contravene Sec. 28 of the municipal code, which provides as to streets that council "shall cause the same to be kept open and in repair and free from nuisance." The ordinance provides that said bridge shall be twenty feet above the street. No part of it is placed upon the surface of the street, and the city can still keep the street open, in repair and free from nuisance. Nor do we think the ordinance unreasonable, exclusive or indefinite.

The plaintiff seeks an injunction against maintaining this bridge,

*Right to suspend private bridge across street approved by Supreme Court in *Kellogg* v. *Traction Co.* 80 Ohio St. 331.

on the ground that it is an impairment of her easement of light, air and view. Such an easement does not exist, we think, in Ohio by prescription against a private owner. *Mullen* v. *Stricker*, 19 Ohio St. 135 [2 Am. Rep. 379]; *Letts* v. *Kessler*, 54 Ohio St. 73 [42 N. E. Rep. 765; 40 L. R. A. 177]. And we do not think it exists against a municipality.

Nowhere in the petition does plaintiff complain of any obstruction to the ingress and egress of her lot. Her property is some distance removed from the property of the defendant, the Roth Packing Company, and the bridge in question, and does not nor can it, under the allegations of the petition, abut upon the portion of the street which she claims is obstructed. The injury, if she suffers any at all, is not different in kind from that of the general public. The access to her property is not impaired or destroyed, and as we have already stated, of this she does not complain. We do not think, therefore, that the construction of the bridge in question is such an obstruction of the street, under the allegations of the petition, to the injury of the plaintiff, as would entitle her to the relief sought.

The judgment of the court below will be affirmed.

**Swing** and **Giffen, JJ.,** concur.